COOPER, APPELLANT, *v.*
COOPER, APPELLEE.

(No. 47316—Decided April 16, 1984.)

*Mr. Joseph W. Bartunek,* for appellant.

*Mr. Marshall J. Wolf,* for appellee.

PATTON, J. Plaintiff-appellant, Victoria Cooper, appeals from her being found in contempt of court by the Cuyahoga County Court of Common Pleas, Domestic Relations Division.

The appellant and Martin Cooper, defendant-appellee, were divorced in California in 1980. Three children had been born as issue of the marriage, and custody of all three was awarded to the appellant. The California court's judgment provided for visitation rights to the appellee as well.

Since 1978, appellant has lived in Beachwood, Ohio, while appellee has continued to live in California. The appellee's visitation rights were expanded on two occasions by the Cuyahoga County Domestic Relations Court, once on October 4, 1982, and again on March 3, 1983.

According to these rulings, the children were to be with the appellee during the summer of 1983. The appellee arrived at Cleveland's airport on June 25, meeting there the appellant and the three children. Due to events oc-curring at the airport, only the eldest child, Andrew, age nine years, flew back to California with the appellee. The two younger children, Evan and Alexander, ages seven and five years, respectively, stayed with the appellant. Shortly after the airport incident, the appellee filed a motion to show cause, asking that appellant be held in contempt of court for interfering with the appellee's visitation rights. A hearing was held on July 6, after which the court entered a judgment on July 25, finding appellant in contempt and setting forth conditions by which the appellant might purge herself of the contempt if performed by her.

Appellant now appeals from such judgment and assigns six errors for our review. We do not consider the merits of these assignments, however, because we hold that we are without jurisdiction.

The judgment of the trial court specifically found the appellant in contempt. The judgment also provided that she could purge herself of contempt in the following manner: (1) by delivering Evan and Alexander to California at the appellant's own expense, and (2) by permitting the appellee two periods of visitation in the Cleveland area during the school year commencing in September 1983. Paragraph "C" of the judgment then follows, and it reads: "Upon [appellant's] failure to purge herself of contempt by complying with the foregoing paragraph, the court shall set time for her appearance for sentencing."

Thus, the trial court specifically deferred the imposition of punishment for appellant's contempt. In *Chain Bike* v. *Spoke 'N Wheel, Inc.* (1979), 64 Ohio App. 2d 62, 64 [18 O.O.3d 43], this court stated the following:

"Contempt of court consists of two elements. The first is a finding of contempt of court and the second is the imposition of a penalty or sanction, such as a jail sentence or fine. Until both a find-

ing of contempt is made and a penalty imposed by the court, there is not a final order. The mere adjudication of contempt is not final until a sanction is imposed."

See, also, *Pellegrino* v. *Pellegrino* (App. 1936), 21 Ohio Law Abs. 572. Since no jail sentence or fine was imposed by the judgment from which the appellant takes appeal, we hold that we do not have jurisdiction to review such judgment.

Nor does the trial court's inclusion of Civ. R. 54(B) language in its judgment change this result.[1] Civ. R. 54(B), when properly invoked, provides for the entering of "final judgment" as to one or more but fewer than all of the claims in those cases *where more than one claim for relief is presented.* The instant cause involves a single claim for contempt, and such a claim is finally determined only where a finding of contempt is made and a sentence is imposed. A trial court's incantation of "no just reason for delay" does make an otherwise final adjudication of less than all the claims appealable; however, an interlocutory order concerning a single claim stands on different footing and is not appealable, notwithstanding the interposition of Civ. R. 54(B) language. *Fireman's Fund Ins. Co.* v. *BPS Co.* (1982), 4 Ohio App. 3d 3. Therefore, the mere finding of contempt here is not final, and we are without jurisdiction to review appellant's assignments.

*Appeal dismissed.*

PARRINO, P.J., and ANN McMANAMON, J., concur.

---

[1] The trial court's judgment contained the following statement: "To the extent that fewer than all claims of the parties have been finally resolved by this order, it is ordered that with respect to such issues as are resolved by this order, there is no just reason for delay. Civil Rule 54(B)."