[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
Appellee/cross-appellant, Diana Strong, has filed a motion to dismiss the appeal filed by appellant/cross-appellee, Dennis Strong, in which she alleges that the order from which he has appealed is not a final appealable order. The order in question arose out of several post-divorce motions and states, in relevant part:
"Now, therefore, the Court orders as follows:
"* * *
 "The plaintiff is found in contempt of court and is hereby sentenced to serve up to thirty days in the Lucas County Correctional Center, save that he may purge himself of said contempt by doing all of the following within fifteen days of the issuance of this order * * *."
Thereafter, the court sets forth an itemization of amounts of money totaling over $23,000 which plaintiff must pay to purge the contempt. The court further states: "The plaintiff shall appear at hearing for theimposition of this sentence * * * on December 5, 2001 at 1:30 p.m." (Emphasis added.)
Appellee states in the motion to dismiss that the order from which the appeal is taken is not final and appealable because pursuant to Cooper v.Cooper (1984), 14 Ohio App.3d 327, "The mere adjudication of contempt of court is not a final appealable order until a sanction or penalty is also imposed." Appellee alleges that the court's statement that a hearing is set "for imposition of sentence" renders the contempt order not final and appealable.
Appellant, in his memorandum in opposition to the motion, responds that "an order of contempt is final and appealable once the trial court makes a finding of contempt and imposes a sanction or penalty. * * * It does not require that Plaintiff-Appellant actually begin to serve his sentence."
We agree with appellant. The trial court did impose a sentence for the finding of contempt, albeit with purge conditions. We find that the trial court's statement that Mr. Strong shall appear for a hearing for the imposition of sentence was a misstatement and that the court actually meant "execution of sentence." We, therefore, find that this is a final appealable contempt order.
Accordingly, the motion to dismiss is denied. Appellee/cross-appellant shall file her brief(s) within fifteen days of the date of this decision and judgment entry. It is so ordered.
Peter M. Handwork, J., James R. Sherck, J., and Richard W.Knepper, J., CONCUR.