DECISION AND JUDGMENT ENTRY
This is an appeal from a Pike County Common Pleas Court "judgment" of contempt. Glen E. Slone, defendant below and appellant herein, assigns the following error for review:
 "THE TRIAL COURT ERRED BY ENTERING JUDGMENT ON CONTEMPT WHEN THE CASE OF THE CONTEMPT ALLEGATION AGAINST APPELLANT WAS MOOT."
This appeal involves a $17,829.23 judgment rendered against appellant. Pursuant to the parties' divorce decree, the trial court ordered appellant to pay appellee for her share of the marital property.
On December 5, 2000, appellee requested the trial court find appellant in contempt for his failure to satisfy the judgment. After the February 23, 2001 hearing, the court provided appellant with an opportunity to satisfy the judgment. On March 20, 2001, appellant notified the trial court that he had satisfied the judgment on March 12, 2001. On May 2, 2001, the trial court issued it's "judgment."[2] Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant asserts that the trial court erred by finding him in contempt. Appellant contends that his satisfaction of the judgment, albeit untimely, rendered the matter moot and that the matter should have been dismissed.
Civil contempt sanctions are designed to coerce compliance with a court order or to compensate a complainant for loss sustained by the contemnor's disobedience. Boggs v. Boggs (1997), 118 Ohio App.3d 293,692 N.E.2d 674 citing Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 4416 N.E.2d 610. One found in civil contempt must be provided with the opportunity to purge himself of contempt. Carroll v.Detty (1996), 113 Ohio App.3d 708, 681 N.E.2d 1383; In re Purala
(1991), 73 Ohio App.3d 306, 596 N.E.2d 1140. Furthermore, an appellate court reviews a trial court's contempt finding under the abuse of discretion standard. Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 520 N.E.2d 1362.
Initially, we must address a threshold jurisdictional issue. Ohio appellate courts have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution. Also see R.C. 2501.02. If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Prod. Credit Assn. v. Hedges (1993),84 Ohio App.3d 207, 210 at fn. 2; Koons v. Pemberton (1992),87 Ohio App.3d 499, 501. Generally, contempt consists of both a finding of contempt and the imposition of a penalty or a sanction. Until a court issues a penalty or sanction, no final appealable order exists. See In reSmith (Jan. 31, 1991), Jackson App. No. 630, unreported; In re Stevens
(Mar. 19, 1999), Trumbull 98-T-0002; Chain Bike v. Spoke'n Wheel, Inc. (1979), 64 Ohio App.2d 62, 410 N.E.2d 802; Trail v. Trail (Dec. 9, 1994), Lake 94-L-094; Cooper v. Cooper (1984), 14 Ohio App.3d 327,471 N.E.2d 525; Eggett v. Eggett (Feb. 3, 1995), Lake 94-L-090.
In the case sub judice, we note that the trial court did not issue any penalty or sanction.[3] Thus, because another order (sanction) must be entered on the contempt issue, we must dismiss the instant appeal for the lack of a final appealable order.
Accordingly, based upon the foregoing reasons we hereby dismiss the instant appeal.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion.
[2] The trial court's May 2, 2001 "Journal Entry and Decision on Contempt" provides in pertinent part:
"It is the JUDGMENT and ORDER of the Court as follows:
 Following the sworn testimony of the parties, the Defendant, GLEN E. SLONE, on his admission, was found to be in Contempt of the previous Order of the Court for the failure to pay the Judgment previously ordered by this Court to the Plaintiff as her share of the marital property. Specifically, the sum of seventeen thousand eight hundred twenty-nine dollars and 23/100 ($17,829.23).
 Following discussion, this Court continued the matter for decision.
 The Defendant has now complied with the previous order of this Court and has purged himself of any further contempt under the previous order by the payment to the Plaintiff of said sum and has furnished copies of money orders from the Atomic Employees Credit Union, Inc., in the amount of four thousand dollars ($4,000.00) — being money order #541434 — payable to the Plaintiff, Melinda Buchwalter and dated March 2, 2001; and thirteen thousand eight hundred twenty-nine dollars and 23/100 ($13,829.23) being money order #529242 — payable to the Plaintiff, Melinda Buchwalter and dated March 12, 2001.
 Costs of this proceeding accessed (sic) to the Defendant, Glen E. Slone."
[3] We acknowledge that the trial court's May 2, 2001 decision may be subject to different interpretations. The court notes that appellant "has purged himself of any further contempt under the previous order by the payment" of the amount due to appellee. On one hand, it appears that the trial court determined that appellant has, in fact, purged himself of any contempt. However, the use of the word "further" could conceivably be construed, when read in conjunction with the portion of the entry that finds appellant in contempt, to indicate that the court has indeed found appellant in contempt of the trial court's order. Nevertheless, as we point out above, the trial court did not issue any sanction. Thus, even if the trial court intended to find appellant in contempt for his failure to timely comply with the trial court's order, no final appealable order exists. Of course, the trial court may choose to explicitly find that appellant has indeed purged himself of any contempt and decide to dismiss the matter.