{¶ 1} Appellant, Key Trust Company of Ohio, N.A. ("Key Trust"), appeals a decision of the Mahoning County Common Pleas Court, Probate Division. Appellant alleges error in appellee Mahoning County Probate Court's ("Probate Court") decision finding it in contempt of court.
 {¶ 2} Daniel and Cheryl Skrobut's son, Daniel R. Skrobut, Jr., received approximately $3.6 million from a medical malpractice case. In September 1995, the probate court appointed the Skrobut's as co-guardians over their son's person and estate. The Skrobuts deposited their son's assets with Key Trust under an Investment Management Agreement. Soon thereafter, they filed a motion to establish a trust for their son with Key Trust as trustee, but the court rejected this proposal. In November 1996, they filed a supplemental motion to establish a trust requesting Mahoning National Bank as trustee. On December 26, 1996, the court sustained the motion for a trust but rejected a corporate trustee and appointed an attorney as trustee instead. They appealed the probate court's decision to this court, and we affirmed. In re Guardianship ofSkrobut (Apr. 30, 1998), 7th Dist. No. 97 C.A. 18.
 {¶ 3} On January 23, 1997, the probate court ordered the Skrobuts to file their final account with the court. They failed to comply. On September 30, 1997, the Skrobuts were again ordered to file their final account by October 13, 1997 or to be deemed in contempt of court. After a hearing at which only a partial account was filed, the probate court, on January 26, 1998 found the Skrobuts to be in contempt and revoked the appointment of them as guardians of their son's estate. At this time the court denied Key Trust's request for fees and ordered Key Trust to account for all prior fees, commissions, interest, and any and all other forms of remuneration. The probate court found that Key Trust was not to be anything more than a depository bank of the wholly restricted account for the minor ward. This decision was appealed by the Skrobuts and this court upheld the actions of the probate court. In re Guardianship ofSkrobut (Sept. 10, 1999), 7th Dist. No. 98 CA 38.
 {¶ 4} On February 17, 1998, at a hearing with the Skrobuts concerning a partial account filed by them on January 7, 1998, the probate court was informed by them that Key Trust had taken $13,957.55 in "trust" fees, and then rebated $3,957.55 of those fees, without any order of the court allowing Key Trust to take any fees.
 {¶ 5} On April 5, 1998, the probate court ordered Key Trust to report and show cause why it should not be held in contempt for failure to account to the court. At the hearing on April 23, 1998, Key Trust admitted it had taken $3,147.32 on what it termed quarterly fees, and taken and returned other fees of $1,649.37 and $2,039.16, which were never authorized or approved by the court. As a result of this hearing, on April 30, 1998, the court found Key Trust in contempt for not fully accounting and taking fees not authorized or approved by the court in violation of prior court orders. Key Trust was given the opportunity to "cure" the contempt by rendering an "accurate accounting and full disclosure." A hearing was set for July 30, 1998.
 {¶ 6} After a hearing and a supplemental memo by Key Trust, the trial court, on October 30, 1998, found Key Trust to be in contempt a second time for failure to fully account and disclose all fees, commissions, etc. they had taken from Daniel's trust. The court again ordered Key Trust to fully account and disclose all fees, commissions, etc. and to disgorge itself of all fees, commissions, interest, etc. it had taken. The court also fined Key Trust $500.00 per day plus costs commencing after service, until they fully accounted and disgorged.
 {¶ 7} On November 5, 1998, Key Trust filed what they termed a "final account" where they admitted to taking and reimbursing $17,706.25 with interest pursuant to the court's October 30, 1998 contempt and fine order. A hearing was held on November 10, 1998. On November 12, 1998, the probate court found Key Trust to remain in contempt of its prior orders in that Key Trust had reimbursed fees but had not fully accounted to the court. The court found Key Trust to remain in contempt and continued the $500.00 per day fine. On November 24, 1998, Key Trust filed a "First and Final Distributive Report" and the court found Key Trust to be in compliance with its orders to fully account. No contempt fines due for $500.00 per day plus costs were submitted by Key Trust.
 {¶ 8} On March 30, 1999, the probate court issued its "Consolidated Judgment Entry and Orders, Orders to Appear and Show Cause for Removal and Notice" and Seizure Orders, to, "Key Trust Company, (aka Key Bank; fka Society Bank; aka Society National Bank) at 50 Federal Plaza East, Youngstown, Ohio 44503." The court ordered the Mahoning County Sheriff to seize the $10,868.21 in fines and costs from Key Trust. Key Trust had been served notice at the 50 Federal Plaza E. address on numerous prior occasions without objection.
 {¶ 9} At the 50 Federal Plaza E. location, counsel for Key Trust expressed surprise that the fines had not been paid and instructed the Key Bank employees to issue the payment to the court. Counsel did not object to the subject nor the amount of the payment. There were conflicting affidavits as to whether counsel for Key Trust or any other employees of Key Trust or Key Bank raised the issue of Key Trust and Key Bank being separate entities.
 {¶ 10} On April 14, 1999, Key Trust and Key Bank filed a Joint Motion and Memorandum for an order to return the funds seized. Key Bank now alleged Key Bank and Key Trust were separate legal entities and the seizure was from the wrong entity. A hearing was set for April 29, 1999.
 {¶ 11} On April 15, 1999 Key Trust appealed the March 30, 1999 Seizure and Show Cause Orders of the Probate Court which is the subject of the current appeal.
 {¶ 12} Subsequently, on April 29, 1999, after a hearing on Key Trust's and Key Bank's joint April 14, 1999 Motion, the trial court ordered Key Trust to pay Key Bank the $10,868.21 taken in fines and costs from Key Bank.
 {¶ 13} On May 3, 1999, Key Bank filed a mandamus action asking this court to vacate the March 30, 1999 seizure order arguing that the probate court had no jurisdiction over it since it was a separate legal entity from Key Trust and therefore had received no notice of the underlying proceedings. This court rejected Key Bank's argument noting that no finding of contempt had been made against Key Bank and concluding that it and Key Trust had acted as one entity. State ex rel. Keybank,N.A. v. Maloney (Mar. 24, 2000), 7th Dist. No. 99 C.A. 112.
 {¶ 14} As an initial matter, this court must determine whether the issues presented by this appeal were raised in a timely fashion. The probate court argues that Key Trust failed to timely appeal the contempt orders which formed the basis of the March 30, 1999 seizure order. Key Trust was first found in contempt on April 30, 1998 for not fully accounting and taking fees not authorized or approved by the court in violation of prior court orders. However, the court gave Key Trust the opportunity to "cure" the contempt by rendering an "accurate accounting and full disclosure." After a hearing and a supplemental memo by Key Trust, the trial court, on October 30, 1998, found Key Trust to be in contempt a second time for failure to fully account and disclose all fees, commissions, etc. they had taken from Daniel's trust. The court again ordered Key Trust to fully account and disclose all fees, commissions, etc. and to disgorge itself of all fees, commissions, interest, etc. it had taken. The court also fined Key Trust $500 per day plus costs commencing after service, until they fully accounted and disgorged. On November 12, 1998, the probate court found Key Trust to remain in contempt of its prior orders in that Key Trust had reimbursed fees but had not fully accounted to the court.
 {¶ 15} In its March 30, 1999 judgment entry, the probate court noted that Key Trust had not offered an accounting compliant with the court's October 30, 1998 and November 12, 1998 orders until November 20, 1998, and which was accepted for filing on November 24, 1998. The court also acknowledged that the October 30, 1998 order was not served upon Key Trust until November 3, 1998. Therefore, the court's calculation of a total fine of $10,500 would appear to represent November 4, 1998 inclusive to November 24, 1998 or twenty-one days times $500 per day.
 {¶ 16} Key Trust admittedly did not appeal the October 30, 1998 or November 12, 1998 orders. However, the probate court's finding of contempt in those orders did not make them final appealable orders. As this court noted in In re Guardianship of Skrobut (Sept. 10, 1999), 7th Dist. No. 98 CA 38:
 {¶ 17} "A mere adjudication of contempt is not a final appealable order until a sanction is also imposed. Chain Bike Corp. v. Spoke `NWheel, Inc. (1979), 64 Ohio App.2d 62, 64, 410 N.E.2d 802. See, also,McCarty v. Kimmel (1989), 62 Ohio App.3d 775, 781, 577 N.E.2d 665. * * * Where the court specifically defers imposition of punishment, there is no jurisdiction to review a court's judgment of contempt. Cooper v. Cooper
(1984), 14 Ohio App.3d 327, 328, 471 N.E.2d 525."
 {¶ 18} In this case, the probate court noted in its October 30, 1998 order that the fine per day would be $500. However, this sanction was not imposed upon Key Trust until issuance of the March 30, 1999 order. Therefore, the issues presented in this appeal were raised in a timely fashion.
 {¶ 19} Key Trust's sole assignment of error states:
 {¶ 20} "The Probate Court erred in entering two Orders on March 30, 1999 finding Key Trust in contempt and ordering the seizure of contempt fines."
 {¶ 21} A trial court's finding of contempt will not be reversed absent an abuse of discretion. State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11, 417 N.E.2d 1249, 19 O.O.3d 191. Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 5 O.B.R. 481. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138.
 {¶ 22} Key Trust contends that the probate court mischaracterized the alleged contempt as direct contempt. Key Trust argues that it was, if anything, indirect contempt entitling it the procedural protections of R.C. 2705.02 and 2705.03.
 {¶ 23} R.C. 2705.01 addresses direct contempt. It reads:
 {¶ 24} "A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice.
 {¶ 25} In addition to R.C. 2705.01, direct contempt has been defined to include "conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Denovchek v. Trumbull Cty. Bd. ofCommrs. (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362, quoting WindhamBank v. Tomaszczyk (1971), 27 Ohio St.2d 55, 56, 56 O.O.2d 31,271 N.E.2d 815.
 {¶ 26} The alleged contempt attributed to Key Trust was not conduct in the presence of or so near the court or judge as to obstruct the administration of justice. Rather, the alleged conduct referred to by the probate court constituted indirect contempt.
 {¶ 27} R.C. 2705.02, which addresses indirect contempt, provides:
 {¶ 28} "A person guilty of any of the following acts may be punished as for a contempt:
 {¶ 29} "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]"
 {¶ 30} Since the alleged contempt attributed to Key Trust is indirect contempt, it was entitled to notice and hearing requirements of R.C. 2705.03. That section states:
 {¶ 31} "In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel. This section does not prevent the court from issuing process to bring the accused into court, or from holding him in custody, pending such proceedings."
 {¶ 32} In this case, Key Trust was not afforded the proper notice and hearing requirements of R.C. 2705.03. Key Trust was not given the opportunity to demonstrate that it had complied with the October 30, 1998 and November 12, 1998 orders. Nor was Key Trust given the opportunity to argue its position that the October 30, 1998 order was ambiguous when the court asked for an accounting in a "format acceptable to this Court" or simply to ask for clarification in that regard.
 {¶ 33} Accordingly, Key Trust's sole assignment of error has merit.
 {¶ 34} The judgment of the trial court is hereby reversed.
Judgment reversed.
Vukovich and DeGenaro, JJ., concur.