DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Haynes Robinson, appeals form an order of the Summit County Court of Common Pleas, Domestic Relations Division, which both granted in part and denied in part Appellant's various motions and granted the motion for contempt filed by Appellee, Faith Robinson. For the reasons stated below, we dismiss part of the appeal for lack of a final, appealable order. The issues involving contempt are affirmed.
 {¶ 2} The parties were divorced on September 10, 1991, and entered into an Agreed Entry the following year approving the "Melanie Robinson Care Plan" ("Care Plan") which provided for the shared responsibilities and duties of each parent. The Care Plan was later modified by court order, in February of 1998.
 {¶ 3} On March 30, 2000, Appellant filed a motion seeking to reduce his obligation to maintain life insurance payable to Appellee as beneficiary. Thereafter, in September of 2000, Appellant filed another motion requesting modifications in both his spousal support obligation and in the Care Plan.
 {¶ 4} In response, Appellee filed a motion to show cause and a motion for contempt based on Appellant's violations of the Care Plan and other prior court orders. A hearing was held before a magistrate and his decision was entered on February 20, 2002. Appellant timely filed his objections. The court entered its order in January of the following year. The magistrate's decision was adopted in part and modified in part, and the trial court instructed the child support enforcement agency to re-calculate Appellant's spousal support arrearages. Additionally, the trial court found Appellant in contempt for his failure to abide by the Care Plan's provisions. It is from this entry that Appellant attempts to appeal. For the reasons stated below, only the portion of the appeal concerning the finding of contempt will be addressed.
 {¶ 5} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88. Pursuant to R.C. 2505.02(B)(1), a final order is one that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 6} When a trial court grants a monetary award that is left unresolved, a final, appealable order does not exist. See Whetzel v.Starkey, 7th Dist. No. 99 BA 42, 2000-Ohio-2621, at ¶ 11 and ¶ 13 (dismissing appeal for lack of a final, appealable order where judgment entry was not journalized regarding the amount of child support arrearage); Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. ofEdn. (1993), 87 Ohio App.3d 840, 843 (finding that a judgment which awards attorney fees, but leaves the amount of those fees unresolved, is not a final order). A monetary award which leaves the actual dollar amount to be determined later is merely a determination of liability. The granting of such an unspecified award is not a judgment and, therefore, not a final, appealable order. Brightman v. Brightman, 8th Dist. No. 79246, 2002-Ohio-829, at ¶ 29, citing Ft. Frye TeachersAssn., 87 Ohio App.3d at 843. See, also, McKee v. Inabnitt (Sept. 26, 2001), 4th Dist. No. 01CA711, 2001-Ohio-2595. "[T]he trial court's judgment entry should address all issues submitted to the court for determination so that the parties may know, by referring to the judgment entry, what their responsibilities and obligations may be." Fields v.Fields (Aug. 24, 1998), 4th Dist. No. 97 CA 50.
 {¶ 7} In the case before us, the January 15, 2003 trial court order does not sufficiently determine the underlying action as required under R.C. 2505.02, because it refers the matter to the child support enforcement agency to calculate the amount of spousal support arrearages and indicates that Appellee will be granted a judgment against Appellant for spousal support once the calculation is made. See Fisher v. Fisher, 10th Dist. No. 01AP-1041, 2002-Ohio-3086, at ¶ 23. There is no indication in the record that the amount has been determined. Thus, the issue of support arrearages remains unresolved. As there is no final determination regarding the amount of support arrearages, the court does not have jurisdiction to consider related matters. See State of Ohio exrel. Jackson Cty. Child Supprt Enforcement Agency v. Long, 4th Dist. No. 00CA15, 2002-Ohio-408 (dismissing appeal for lack of final, appealable order when the calculation of child support arrearages remained unresolved). Accordingly, the initial portion of the appeal is dismissed. However, the assignments of error contesting the contempt adjudication will be addressed as we find that the trial court rendered a final, appealable order with regards to this issue. See Cooper v.Cooper (1984), 14 Ohio App.3d 327, 328-29 (holding that in order for a contempt adjudication to be final and appealable, there must be both a finding of contempt and the imposition of a penalty or sanction); Nollv. Noll, 9th Dist. Nos. 01CA007932 and 01CA007976, 2002-Ohio-4154, at ¶ 13. Appellant raises three assignments of error concerning the finding of contempt.
 ASSIGNMENT OF ERROR VII
"The trial court erred in finding Appellant in contempt in light of evidence of his substantial compliance with the spirit and terms of the court's orders and other equitable factors."
 {¶ 8} In his seventh assignment of error, Appellant argues that he was erroneously found in contempt of court because he substantially complied with the "spirit and terms" of the court's orders. We disagree.
 {¶ 9} Although, under the proper circumstances, contempt may be excused with actual or substantial compliance, "the Ohio Supreme Court has rejected the argument that substantial compliance with a court order must preclude a finding of contempt." Durst v. Durst, 3rd Dist. No. 13-02-38, 2003-Ohio-2029, at ¶ 18, citing Rose v. Rose (Mar. 31, 1997), 10th Dist. Nos. 96APF09-1150 and 96APF11-1550 and State ex rel.Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 75. A reviewing court will not reverse a decision of the trial court in such a proceeding absent an abuse of discretion. Celebrezze, 60 Ohio St3d at 75. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 10} The record demonstrates, and Appellant admits, that he did not comply with the trial court's 1998 order by: 1) failing to provide a yearly calendar on November 1st of each year to Appellee detailing his forty-four weekends of care for Melanie; 2) failing to care for Melanie for the required fourteen day periods per year from 1998 through 2001; 3) failing to administer prescribed medications to Melanie; 4) failing to provide a home telephone number to Appellee; and 5) failing to pay respite care to Appellee. Accordingly, Appellant has not put forth evidence of his alleged substantial compliance with the court's order. Thus, we are unable to conclude that the trial court abused its discretion in finding Appellant in contempt of court. See Celebrezze, 60 Ohio St.3d at 75
(finding that substantial compliance was not demonstrated where record was replete with examples of party's noncompliance). Appellant's seventh assignment of error is overruled.
 ASSIGNMENT OF ERROR VIII
"The trial court's imposition of a jail sentence upon Appellant as a punishment for contempt is unreasonable based upon his role as a primary caregiver for the parties' adult handicapped child and as the primary financial providor [sic] for both that child and Appellee."
 {¶ 11} In this assignment of error, Appellant asserts that the trial court improperly imposed a prison sentence as punishment for his contemptuous actions.
 {¶ 12} "An appellant bears the burden of affirmatively demonstrating error on appeal." Hutchinson v. Henderson, 9th Dist. No. 20862, 2002-Ohio-4521, at ¶ 39. However, in the present case, we find that Appellant has failed to set forth a single, legal authority to support his contention that the trial court erred. See In re Spence
(Mar. 28, 2001), 9th Dist. No. 99CA007522, at 12 (declining to address assignment of error where appellant failed to cite law applicable to the issue under review). As such, Appellant has failed to provide citations to authorities supporting his assignment of error and the applicable standard of review as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Thus, Appellant has not demonstrated how the trial court's actions constituted error. Moreover, if an argument exists that may support an assignment of error, "it is not this court's duty to root it out."Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18.
 {¶ 13} Accordingly, because Appellant has failed to set forth any legal error committed by the trial court in this assignment of error, this court declines to address it. See State ex rel Rothal v. Smith,151 Ohio App.3d 289, 2002-Ohio-7328, at ¶ 90. See, also, State v.Patton, 9th Dist. No. 02CA0113-M, 2003-Ohio-4030, at ¶ 15.
 ASSIGNMENT OF ERROR IX
"The trial court erred in awarding Appellee $3,825.00 in attorney fees and costs in the absence of any finding or evidence that the fees are reasonable, customary or necessary, that the work was actually performed, that Appellee would have been prevented from litigating or protecting her rights in the absence of an award, or the actual amount of fees and costs incurred by Appellee."
 {¶ 14} In his ninth assignment of error, Appellant avers that the trial court erred in awarding Appellee $3,825.00 attorney's fees without finding that they were reasonable, customary or necessary. Appellant's argument is not well taken.
 {¶ 15} Generally, each party bears the burden of payment for his or her attorney fees incurred in litigation. Smith v. Smith (Dec. 5, 2001), 9th Dist. No. 20519, at 8, citing Bowen v. Bowen (1999),132 Ohio App.3d 616, 642. See, also, Morgan v. Morgan, 9th Dist. No. 01CA0017, 2001-Ohio-1640, at 6. However, a party filing a successful contempt action may be entitled to an award of reasonable attorney's fees. See Boraggina v. Boraggina (Mar. 30, 2001), 6th Dist. Nos. L-99-1272 and L-99-1409. See Blum v. Blum (1967), 9 Ohio St.2d 92, syllabus (holding that "[a] trial court has authority, after the entry of a divorce decree, to enter an order requiring the divorced husband to pay reasonable expense money to his former wife to enable her to pay attorney fees incurred in post-decree proceedings relative to the support of the * * * children of the marriage"). "Ohio courts have long held that a trial court has discretion to award reasonable attorney's fees against a party found guilty of civil contempt, even in the absence of a statute specifically authorizing the award." Chojnowski v. Chojnowski, 8th Dist. No. 81379, 2003-Ohio-298, at ¶ 22. An appellate court reviews a trial court's decision regarding attorney fees under an abuse of discretion standard. Holcomb v. Holcomb (Sept. 26, 2001), 9th Dist. No. 01CA007795, at 16. Absent such an abuse, we will not reverse a trial court's award of attorney's fees in a post-divorce action. Parzynski v.Parzynski (1992), 85 Ohio App.3d 423, 439.
 {¶ 16} In the present case, the trial court required Appellant to reimburse Appellee for her reasonable attorney fees as he was found in contempt for failing to comply with the court's prior order regarding the Care Plan. The court based the award on Appellee's testimony that she had incurred $3,200.00 in fees prior to the hearing and also on her statement in the submitted "Proposed Findings of Fact and Conclusions of Law" which indicated that "[Appellee] incurred costs in pursuing her remedies for violations of court orders[.] * * * [Appellee] estimated her attorney's fees on the contempt issue to be no less than 25 hours at $150.00 per hour." Additionally, Appellee had to pay a $75.00 filing fee to bring the matter to the court's attention.
 {¶ 17} Upon review, this Court is unable to find an abuse of discretion in the trial court's order awarding Appellee $3,825.00 in attorney fees and costs. Accordingly, Appellant's ninth assignment of error is overruled.
 {¶ 18} Appellant's seventh and ninth assignments of error are overruled. The eighth assignment of error has not been addressed. As this Court does not have jurisdiction to review the portion of the trial court's order relating to the modification of the Care Plan and Separation Agreement, we do not review those findings. Such portion of the appeal is dismissed.
Judgment accordingly.
BAIRD, J. CONCURS