JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Theresa Owca appeals from the July 12, 2007 judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, denying her motions to modify custody and visitation rights and granting appellee Chester Owca's motion to show cause for lack of child support payment. For the reasons stated below, we affirm.
 {¶ 2} Appellant and appellee were married in 1986 and had three children together. In 1999, they divorced; appellant was named residential parent and appellee was given visitation rights. In July 2002, Cuyahoga County Children and Family Services filed a complaint against appellant alleging abuse, neglect, and dependency of the children. In December 2002, following a finding of abuse and neglect against appellant, the magistrate recommended that custody of the three children be granted to appellee. This decision was adopted by the court on January 23, 2003.
 {¶ 3} In July 2004, the court ordered appellant to pay temporary monthly child support in the amount of $162.52 plus a 2% service fee. This order was made final on August 15, 2006. Appellant did not file an appeal from this order.
 {¶ 4} Appellant subsequently filed three motions seeking to modify the court's orders: 1) on August 26, 2004, a motion to modify custody, visitation, and support; 2) on October 14, 2005, a motion to modify custody; and, 3) on January 5, 2006, a supplemental motion to modify custody and for emancipation of the couple's eldest child. Appellee opposed these motions and on February 23, 2006 filed two of his own, a motion to dismiss *Page 4 
appellant's motions for change of custody and seeking sanctions and attorney fees against appellant, and a motion to show cause relative to appellant's nonpayment of child support.
 {¶ 5} These matters were heard at trial on June 27, 2007. Both parties were present with counsel and presented evidence. The trial resulted in two judgments. The first, journalized on July 9, 2007, was a judgment of civil contempt based upon appellant's disruptive behavior during the trial. The court found her to be in direct contempt of court and fined her $25.
 {¶ 6} The second order, journalized on July 12, 2007, was a judgment on the merits of the parties' claims. The court overruled appellant's motions, finding no grounds for a change in custody or visitation; denied appellee's motion for sanctions and attorneys fees, finding appellee failed to offer proof that appellant's motions were made in bad faith; and granted appellee's motion to show cause, finding that appellant had failed to pay child support as ordered. The court noted that from 2004 through trial, appellant had paid only $300 in support. The court found appellant in contempt of the court's support order and sentenced her to 30 days in jail. The jail sentence was suspended and appellant was given an opportunity to purge the contempt and avoid jail by adhering to conditions specified in the court's order.
 {¶ 7} On August 9, 2007, appellant filed a notice of appeal from the July 12, 2007 judgment. Appellant raises three errors for review. All of appellant's assignments relate to matters heard and determined in the June 27, 2007 trial. However, appellant has failed to provide this court with a transcript of the June 27, 2007 trial proceedings. *Page 5 
 {¶ 8} It is the duty of the appellant to provide this court with an adequate record from which to review the assignments of error on appeal. See App. R. 9. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 9} Ordinarily, since appellant's assignments of error depend upon a transcript or other acceptable statement of the proceedings not in the record, we would overrule the assignments and affirm the judgment of the trial court. However, when, as in this case, the shortcomings in the record are not appellant's fault, but rather the fault of the trial court, this court has the authority on its own initiative to direct the correction of the record prior to judgment.
 {¶ 10} App. R. 9(E) provides: "If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted." In fact, under similar circumstances, the Supreme Court of Ohio has held that the appellate court's failure to order a correction of the record constituted an abuse of discretion. See In re Holmes,104 Ohio St.3d 664, 2004-Ohio-7109. *Page 6 
 {¶ 11} Accordingly, on June 2, 2008 this court remanded the matter to the juvenile court for the limited purpose of filing the complete record. The remand order provided that in the event the audio recording of the June 27, 2007 proceeding was no longer available, appellant was to comply with the dictates of App. R. 9(C) and file a statement of the evidence by July 2, 2008.
 {¶ 12} This matter is now back before us. We note that appellant has failed to comply with this court's order to file the transcript or an App. R. 9(C) statement. Neither has appellant sought additional time to do so. Therefore, we have before us a limited record consisting of the trial court's findings, exhibits from the June 27 trial, and transcripts from the contempt hearings on June 28 and 29. Without a trial transcript or App. R. 9 equivalent, we will, in our review of the merits of the appeal, presume the regularity of the trial court's proceedings.Knapp, supra, at 199.
 I {¶ 13} "THE TRIAL COURT ERRED IN LEAVING IN PLACE A VISITATION PLAN THAT WAS NOT VIABLE."
 {¶ 14} Although appellant's motions sought modification of both custody and visitation, appellant's assignment addresses only the issue of the lack of visitation. "While custody and visitation are obviously related, a court's discretion regarding visitation is broader."State ex rel. Scordato v. George (1981), 65 Ohio St.2d 128. We will not disturb the trial court's decision on visitation matters absent a showing that the court abused its discretion. Booth v. Booth (1989),44 Ohio St.3d 142. An "abuse of discretion" connotes *Page 7 
more than a simple error of law or judgment; it implies that the court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Appellant's visitation rights under the original plan were determined by the level of the children's desire to see her. There is no evidence in the record that appellee influenced the children to not want to see appellant. The trial exhibits support the court's finding that the minor children are thriving and doing well in school and that there is no need to modify visitation. Based upon the limited record provided by appellant, we must conclude that the trial court acted properly in weighing the evidence before it and did not abuse its discretion in denying appellant's motions.
 {¶ 16} Appellant's first assignment of error is overruled.
 II {¶ 17} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THE DEFENDANT IN CONTEMPT FOR NONSUPPORT, COMPUTING AN ARREARAGE AND ORDERING ATTORNEY FEES."
 {¶ 18} An appellate court will not reverse a trial court's decision in a contempt proceeding absent a showing of an abuse of discretion.State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11.
 {¶ 19} The trial court's order found appellant in contempt for failing to pay child support as ordered in the past. R.C. 2705.031(E) provides the court with jurisdiction to make a finding of contempt for the failure to pay support and to impose the penalties set forth in *Page 8 
R.C. 2705.05 in all cases in which past support is an issue. R.C. 2705.05(A) allows the imposition of a term of imprisonment of 30 days and a fine of $250 for a first offense. In this case, the trial court imposed a 30-day term of imprisonment but did not impose a fine. The court then provided conditions under which appellant could purge the contempt and avoid imprisonment.
 {¶ 20} Appellant's challenge to the purge conditions in the order lacks merit. Appellant's entire argument in support of this assignment of error is contained in one short paragraph. She fails to cite to any legal authority, statute, or part of the record in support of her contention that the purge conditions were unreasonable. The trial court found appellant to be able-bodied and capable of working. Relying on appellant's own testimony that she held an Ohio real-estate sales agent license and was a qualified paralegal, the court found that appellant was voluntarily unemployed. Based upon these findings, the court set purge conditions that required appellant to immediately seek full time employment, begin making monthly support payments, and pay $650 to appellee's attorneys within three months of the order.
 {¶ 21} Appellant argues that the award of $650 in attorneys fees was unreasonable. She claims most of the time allocated by appellee's attorney was spent pursuing sanctions. We disagree. The trial court stated its award was based upon appellee's testimony and his trial Exhibit 2. A review of this exhibit shows that appellee submitted a summary of attorney time spent and fees incurred in this matter since September 2004 totaling $2,626. The trial court disallowed those fees related to the defense of appellant's motions for change of *Page 9 
custody and visitation, and limited the award to the $650 in fees related to the contempt proceeding which were incurred after February 14, 2006.
 {¶ 22} We find the trial court did not abuse its discretion in setting reasonable purge conditions including the award of attorney fees, and therefore overrule appellant's second assignment of error.
 III
"THE TRIAL COURT ERRED IN FINDING A LAY WITNESS IN CONTEMPT FOR COMMON DEVIATIONS IN TESTIMONY IN SUMMARY IMPOSITION OF PENALTY."
 {¶ 23} Appellant appears to be challenging the court's July 9, 2007 contempt order in which the court found appellant in direct contempt for disruptive behavior during trial and imposed a $25 fine. We find we lack jurisdiction over an appeal of the July 9, 2007 order. That order contained a finding of direct contempt and the imposition of a sanction, therefore it was a final appealable order. See Cooper v. Cooper (1984),14 Ohio App.3d 327. To be timely filed, an appeal of that order had to be filed within 30 days. App. R. 4(A). Appellant's notice of appeal was filed on August 9, 2007, 31 days after the court's order. Accordingly, appellant has waived her right to appeal any alleged errors related to the direct contempt proceedings.
 {¶ 24} Additionally, as noted above, even if timely filed, without a trial transcript, we would have no choice but to presume the validity of the trial court's proceedings and affirm. Knapp, supra.
 Judgment affirmed. *Page 10 
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas — Juvenile Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1