IN RE HOLMES ET AL.

[Cite as *In re Holmes*, 104 Ohio St.3d 664, 2004-Ohio-7109.]

*Appellate practice — Record on appeal — App.R. 9 — Deficiency in record transmitted to court of appeals may not be used as basis for entering judgment for appellee, when.*

(No. 2003-2220 — Submitted June 9, 2004 — Decided December 30, 2004.)

APPEAL from the Court of Appeals for Hamilton County, No. C-030441.

_____

**PFEIFER, J.**

Factual and Procedural Background

{¶ 1} Appellant, Jeffrey Turner, is the father of two minor children, Desire Holmes and Dynasty Roe. Turner was not the custodial parent of his daughters but sought their custody when their mother was incarcerated. Appellee, Hamilton County Department of Job and Family Services, opposed Turner, filing a complaint with the juvenile court asserting that the children should be committed to the permanent custody of the county. After a four-day hearing, a magistrate found that the county should assume custody. The magistrate issued a decision on January 8, 2003.

{¶ 2} On May 30, 2003, the Hamilton County Juvenile Court issued an entry adopting the magistrate's decision of permanent commitment. Turner appealed from that decision to the Hamilton County Court of Appeals.

{¶ 3} In accordance with App.R. 9(B), Turner ordered from the court reporter a complete transcript of the proceedings for inclusion in the record on appeal. On June 19, 2003, the appellate court notified Turner that the record had been filed.

**{¶ 4}** Both parties submitted timely appellate briefs. Neither party asserted that the record was incomplete. At oral argument, neither the parties nor the appellate panel noted any shortcoming in the record.

**{¶ 5}** On December 10, 2003, the appellate court affirmed the judgment of the trial court. The court's decision was not made on the merits of the case, however. Instead, the court decided for the appellee based on "the absence of a complete and adequate record."

**{¶ 6}** While the transcripts of the magistrate's hearings and the trial court's hearing were included in the record, some exhibits were missing. The court of appeals wrote:

**{¶ 7}** "The record indicates that Dornetta Turner's child-care certificate, Jeffrey Turner's birth certificate and affidavit, a February 22, 2002, psychiatrist's letter, a certificate of completion for the Raising Great Kids program, and the exhibits admitted at a February 26, 2002 hearing, including a certified copy of the indictment, paternity testing for Dynasty and Desire, Mr. Holmes's letter, a 'PC entry,' and a report establishing that Holmes is the father of Darricka, were considered in the trial court. However, these exhibits have not been made a part of the appellate record. Without the exhibits, we may not speculate on the content of them, particularly the paternity testing and Mr. Holmes's letter. Accordingly, we presume the regularity of the trial proceedings and overrule Turner's assignments of error relating to the trial court's findings."

**{¶ 8}** Any deficiency in the record was not the fault of Turner. The court reporter had not included the exhibits admitted in the juvenile court proceedings with the transcripts. Turner has subsequently learned, and it is not disputed by the appellee, that after the hearing in the trial court, a court employee filed at least some of the exhibits under the wrong case number.

**{¶ 9}** Turner asks that the entry of the court below be reversed and that the cause be remanded to the appellate court for consideration on the merits.

{¶ 10} The cause is before this court upon our acceptance of a discretionary appeal.

Law and Analysis

{¶ 11} "Fairness and justice are best served when a court disposes of a case on the merits." *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 193, 23 O.O.3d 210, 431 N.E.2d 644. Still, there are plenty of instances where a case can, and should, be decided on purely procedural grounds. Where procedural deficiencies arise out of the neglect of a party, the party can blame only himself for the failure of his case. That situation is not the case in Turner's unique circumstance. The shortcomings of the record in this case were the fault of others: a court reporter and the court employee who misfiled the necessary documents. Not only were the mistakes not the fault of Turner, he was not even made aware of them until the court of appeals announced its decision.

{¶ 12} Ohio's Rules of Appellate Procedure recognize that mistakes can be made in the filing of a record and provide ways to fix deficiencies. Here, the court of appeals had the ability on its own initiative to direct the correction of the record prior to judgment. App.R. 9(E). We address whether its failure to do so in this case constituted an abuse of discretion. App.R. 9(E) provides:

{¶ 13} "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. *If anything material to either party is omitted from the record by error or accident* or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or *the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted.* All other questions as to the form and content of the record shall be presented to the court of appeals." (Emphasis added.)

**{¶ 14}** The lack of fault on behalf of the appellant is an important aspect of this case. In *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384, this court addressed a case where the plaintiffs were unable to file a significant portion of the trial court record due to an illness that befell the court reporter, rendering her unable to transcribe her notes. This court found that the plaintiffs' inability to produce a full transcript should not lead to an affirmance of the trial court's judgment. The court did find fault with the plaintiffs' failure to avail themselves of App.R. 9(C), which allows for the creation from memory of a narrative version of a transcript, or App.R. 9(D), which allows for the parties to submit an agreed statement of the case rather than a full transcript. However, this court found that plaintiffs' failure to pursue those remedies was partly due to the "lackadaisical" attitude of the trial court. Id. at 200, 15 O.O.3d 218, 400 N.E.2d 384. This court finally held that the case should be remanded to the trial court and that the trial court should encourage the building of the record through App.R. 9(C) or (D).

**{¶ 15}** Here, since Turner did not know about the deficient record until after the appellate court ruled, he could not seek to correct the record through App.R. 9(C) or (D). Moreover, this court granted relief to the plaintiffs in *Knapp* even though they knew of the court reporter's inability to transcribe the record at the time they filed their appeal. Here, Turner was blindsided in addition to being free from fault.

**{¶ 16}** In *Cobb v. Cobb* (1980), 62 Ohio St.2d 124, 16 O.O.3d 145, 403 N.E.2d 991, this court found that the court of appeals abused its discretion by overruling the appellants' App.R. 9(E) motion that would have corrected the trial court clerk's filing error. In *Cobb*, the trial court clerk failed to transmit the appellee's motion for relief and the trial court's judgment in the underlying case. During oral argument, the appellate court informed the appellants of the missing documents. Appellants filed an App.R. 9(E) motion, which was denied. This

court held that the appellate court should have granted the motion, "prevent[ing] appellants from suffering an injustice solely because of the nonfeasance of the trial court clerk." Id. at 127, 16 O.O.3d 145, 403 N.E.2d 991.

{¶ 17} Further, this court rejected the notion that an appellant has the duty to supervise the actions of a trial court clerk to ensure the proper transmission of the record. This court held that placing that duty on an appellant "would render meaningless the duty imposed upon the clerk, by App.R. 10(B), to transmit the record to the Court of Appeals." Id., 62 Ohio St.2d at 125, 16 O.O.3d 145, 403 N.E.2d 991.

{¶ 18} Here, Turner did not have the legal duty to stand over the trial court clerk's shoulder to ensure that all the exhibits were filed. The proper transmission of the record was the duty of the trial court clerk pursuant to App.R. 10(B). Like the appellants in *Cobb*, Turner should not suffer an injustice because of the nonfeasance of court personnel.

{¶ 19} An appellate court has the power on its own initiative to order the correction of an imperfect trial record. App.R. 9(E). Turner was seeking custody of his children and lost a chance to have his case heard on the merits because of an incomplete trial record. The trial record was incomplete through no fault of Turner. The deficiencies in the record were not discovered by either party or mentioned by the appellate panel at oral argument. Nothing in the record suggests that Turner should have been aware of the deficiencies. Missing from the record were several documents; mending the record would not have necessitated the re-creation of testimony. Nevertheless, Turner was never given the opportunity to undertake simple corrective measures, because the court of appeals mentioned the deficient record only in its final judgment.

{¶ 20} Taking these unique facts into account, we find that the appellate court's failure to employ the corrective measures set forth in App.R. 9(E) constituted an abuse of discretion.

**{¶ 21}** Accordingly, we reverse the judgment of the court of appeals and remand the cause to that court for a correction of the record and consideration on the merits.

Judgment reversed

and cause remanded.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

Jones Day and Chad A. Readler, for appellant.

Michael K. Allen, Hamilton County Prosecuting Attorney, Scott M. Heenan and Mark Sauers, Assistant Prosecuting Attorneys, for appellee.

Eugene P. Whetzel; Porter, Wright, Morris & Arthur, L.L.P., David S. Bloomfield Jr., Kathleen M. Trafford, and L. Bradfield Hughes, urging reversal for amicus curiae, Ohio State Bar Association.

_____