DECISION.
{¶ 1} Plaintiff-appellant, Anna Marie Maseck, appeals from the trial court's order granting summary judgment in favor of her landlord, Lindav Properties and B. David and Linda K. Fish ("Lindav"), on her claim for personal injuries sustained when she fell on stairs in the apartment building in which she resided. In her single assignment of error, she contends that there is a genuine issue of material fact concerning whether Lindav violated its duty to keep the stairs in a safe condition. At oral argument, Maseck argued that exhibit three to her deposition, a photograph of the step on which she fell, creates a genuine issue of material fact concerning Lindav's constructive notice of the allegedly unsafe condition. But because Maseck's exhibit was apparently never filed with the trial court under Civ.R. 56(E), it was never made a part of the record on appeal. Therefore, the evidence before the trial court did not raise any genuine issue of material fact.
 {¶ 2} In support of her motion for summary judgment, Maseck filed her deposition and the deposition of B. David Fish. Maseck's deposition indicated that, for three years, she had resided in an apartment at 2753 Linshaw Avenue under a written lease with Lindav. On March 11, 2002, while descending the three flights of stairs leading to the basement and garage, she slipped on the second step of the bottom flight and fell, sustaining injuries to her left ankle. At that time, she could not determine the cause of her fall. Maseck testified, however, that a week later she and a friend examined the step on which she had fallen, and "after discussing what the possibility could have been," they determined that she had slipped on "[s]hards — strips of carpet, frayed carpet" that were hanging over "worn down" "metal grips on the ends of the step." Her friend took photographs.
 {¶ 3} In his deposition, Fish testified that he had never received a complaint about the condition of the stairs, and that he visited the Linshaw property more than once a week. After Maseck's accident, he and maintenance worker Ken Kramer inspected the stairs. They found no defect.
 Standard of Review {¶ 4} Because summary judgment presents only questions of law, an appellate court reviews the record de novo. See Doe v.Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243. Summary judgment is appropriate where it is clear from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits, when viewed in a light most favorable to the party opposing the motion, that (1) no genuine issue of fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. See Civ.R. 56(C); see, also, Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
 Premises Liability {¶ 5} At common law, a landlord's duty was to exercise reasonable care to keep the premises retained under his control for the common use of the tenants in a reasonably safe condition. See Shroades v. Rental Homes (1981), 68 Ohio St.2d 20,427 N.E.2d 774. In 1974, the General Assembly enacted R.C. Chapter 5321, the Landlord and Tenant Act, in which it attempted to broaden, but not abrogate, the common-law duties owed to tenants. Id. at 25, 427 N.E.2d 774. Specifically, R.C. 5321.04(A)(3) states that a landlord must "[k]eep all common areas of the premises in a safe and sanitary condition."
 {¶ 6} The landlord's duty to tenants, as recognized by the Ohio Supreme Court, is not materially distinct from that of a business owner to its invitees. LaCourse v. Fleitz (1986),28 Ohio St.3d 210, 211, 503 N.E.2d 159; Sidle v. Humphrey (1968),13 Ohio St.2d 45, 50, 233 N.E.2d 589. Like a business owner, a landlord's liability for an unsafe condition rests upon its superior knowledge, actual or constructive, of the danger that causes an injury. LaCourse at 210, 503 N.E.2d 159, citingDebie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, 40, 227 N.E.2d 603. See, also, Klump v. Douglas (Dec. 31, 1991), 1st Dist. No. C-910060. Although not an insurer of the safety of tenants and their guests, a landlord owes a duty to maintain the premises under its control in a reasonably safe condition and to warn of unreasonably dangerous latent conditions of which the landlord has or should have knowledge. See Perry v.Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 53,372 N.E.2d 335; Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 480 N.E.2d 474.
 {¶ 7} If the landlord does not have actual notice of an unsafe condition in common areas of the premises, a tenant who is injured must establish that the condition existed for a sufficient time so that the landlord in the exercise of reasonable care had constructive knowledge and should have removed it or warned the tenants. See Anaple v. Standard OilCo. (1955), 162 Ohio St. 537, 124 N.E.2d 128; Cione v. K-MartCorp. (May 8, 1998), 1st Dist. No. C-970475.
 {¶ 8} The mere occurrence of an injury does not give rise to a presumption of negligence, and "it is incumbent on the plaintiff to show how and why an injury occurred — to develop facts from which it can be determined by the jury that the defendant failed to exercise due care and that such failure was the proximate cause of the injury." Boles v. Montgomery Ward Co. (1950), 153 Ohio St. 381, 389, 92 N.E.2d 9; Kolsto v. OldNavy, Inc., 1st Dist. No. C-030739, 2004-Ohio-3502, at ¶ 10.
 Analysis {¶ 9} At oral argument, Maseck argued that exhibit three to her deposition, a photograph of the step she fell on, was sufficient evidence of an unsafe condition to create a genuine issue of material fact concerning negligence and constructive notice to the landlord. But the photograph marked and referred to in Maseck's deposition is not included in her deposition or separately filed as an exhibit in opposition to Lindav's motion for summary judgment in a form required by Civ.R.56(E). SeeLoukinas v. Roto-Rooter Serv., Inc., 1st Dist. No. C-050354,2006-Ohio-3172, at ¶ 20. Furthermore, the trial court did not refer to the photograph in its nine-page decision granting Lindav's motion for summary judgment. Nowhere does the record suggest that the trial court ever saw exhibit three. According to the transcript of the hearing on the motion for summary judgment, Maseck's counsel did urge the trial court to examine the photo, but we cannot conclude that the statements were anything other than counsel's mistaken belief that the photograph had been filed together with the deposition.
 {¶ 10} Under App.R. 9(A) the record on appeal includes "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *." Because the appellant bears the burden of showing error in regard to the record, the duty to provide the original papers and exhibits for appellate review is also the responsibility of the appellant. See Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384.
 {¶ 11} We note that this case is distinguishable from In reHolmes, 104 Ohio St.3d 664, 2004-Ohio-7109, 821 N.E.2d 568, which held the duty of transmission of the record under App.R. 10(B) relieved the appellant from ensuring that all the exhibits filed in the trial court were transmitted in the record. InHolmes, the appellant had not caused the deficiencies in the record. Rather, the court reporter and a court employee had misfiled the necessary documents. In this appeal, there was not an error in transmission of the record, but an error in creating a proper record to begin with. We therefore have no choice but to presume the validity of the trial court's proceedings in regard to the photograph, if the trial court did indeed view it. SeeKnapp, supra.
 {¶ 12} Viewing the record in a light most favorable to Maseck, we hold that Maseck's and Fish's deposition testimony did not create a genuine issue of material fact concerning the existence of an unsafe condition. Even if we assume that an unsafe condition existed, there is nothing in the record to indicate that Fish knew or should have known about it.
 {¶ 13} The judgment of the trial court is affirmed.
Judgment affirmed.
Doan, P.J., and Hendon, J., concur.