OPINION
{¶ 1} These appeals stem from two criminal proceedings in which appellant, Bret Lewis Simmons, entered into guilty pleas on two charges of driving while under the influence of alcohol. Simmons' first case, case No. 2007 TRC 0132 K, arose from a traffic ticket filed on January 16, 2007, in the Kent Municipal Court, which alleged that on January 12, 2007, Simmons violated R.C. 4511.19, operating his vehicle while under the influence of alcohol and while having a breath-alcohol content of .171, and R.C. *Page 2 4511.33, rules for driving in marked lanes. Simmons entered a plea of guilty to R.C. 4511.19(A)(1)(d) on March 1, 2007. The remaining charges were dismissed.
 {¶ 2} Simmons' second case, case No. 2007 TRC 0308 K, arose from a traffic ticket filed on January 26, 2007, in the Kent Municipal Court, which alleged that on January 25, 2007, Simmons violated R.C. 4511.19, operating his vehicle while under the influence of alcohol and while having a breath-alcohol content of .167; R.C. 4510.14, operating his vehicle on a suspended license; and R.C. 4511.13, signal lights. Simmons entered a plea of guilty to R.C. 4511.19(A)(1)(d) on March 1, 2007. The remaining charges were dismissed.
 {¶ 3} Subsequently, the trial court sentenced Simmons for both convictions on March 1, 2007. The trial court sentenced Simmons to 360 days in jail and suspended 327 days of his jail term. Simmons was required to spend 30 days in jail. Moreover, the 327 days in jail were suspended on the conditions that Simmons complete three days of DIP school, 18 months of supervised probation, 72 hours of community work service, pay all fines and costs ordered, and he must not commit any violations of law for two years, except minor traffic violations. Simmons was also required to be on SCRAM, an ankle bracelet monitoring system, when not in jail. Further, the trial court ordered Simmons to pay a fine and court costs in the amount of $2,000, suspending $1,300 of the fine.
 {¶ 4} In addition, the trial court suspended Simmons' driver's license for a period of two years. Other terms of Simmons' sentence included: drug and alcohol assessment, 55 days of electronically-monitored house arrest at the expense of Simmons, drug and alcohol monitoring for 18 months, attendance of one AA meeting *Page 3 
per week, attendance of weekly alcohol class while in jail, and immobilization of his vehicle for 25 days with the exception of certain driving privileges.
 {¶ 5} Simmons was ordered to report to the Portage County Jail to serve his jail term on May 25, 2007. On that same day, Simmons filed a motion for reconsideration of his sentence in both cases. The trial court denied the motion for reconsideration on said date. Simmons moved the trial court to stay the execution of his sentence pending an appeal. The trial court denied the motion for stay. Consequently, Simmons reported for his jail sentence.
 {¶ 6} While serving his jail term, Simmons, on May 31, 2007, moved the trial court to withdraw his guilty pleas in both cases, to set a hearing, and to stay sentence pending a hearing on defendant's motion to withdraw his guilty pleas. On the same date the motions were filed, the trial court denied each motion by making a handwritten notation on the last page of each motion.
 {¶ 7} Simmons filed notices of appeal in this court on June 4, 2007. These appeals have been consolidated for all purposes.
 {¶ 8} On June 7, 2007, Simmons filed an emergency motion to stay sentence pending his appeals in this court. This court issued judgment on June 15, 2007, holding that motion in abeyance since Simmons failed to comply with App.R. 8. Further, this court remanded the matter to the trial court and ordered the trial court to issue a separate journal entry in each of the cases concerning appellant's motion to withdraw his guilty pleas.
 {¶ 9} In response to the order of this court, the trial court issued a judgment entry denying Simmons' motions on June 22, 2007. *Page 4 
 {¶ 10} With regard to the motion to stay, this court issued a July 10, 2007 judgment entry stating that upon inquiry to the Portage County Jail, Simmons had completed his jail term on June 25, 2007 and had been released from the facility at that time. In Simmons' motion, he requested a stay of the 30-day jail term only. This court stated: "[h]is motion did not contain any reference to any of the other terms of his probation. Therefore, since the completion of the jail term has now become moot, it is the order of this court that appellant's motion to stay is overruled."
 {¶ 11} Simmons' assignments of error state:
 {¶ 12} "[1.] The trial court erred in accepting the appellant's guilty plea because the court failed to comply with Traf.R. 10(C).
 {¶ 13} "[2.] The trial court erred when it arbitrarily and unreasonably denied the appellant's Criminal Rule 32.1 motion for a withdraw of plea without first holding an evidentiary hearing."
 {¶ 14} "Upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review." Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19. (Citations omitted). Furthermore, the Supreme Court of Ohio stated: "[a]ny lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee." Id.
 {¶ 15} A review of the appellate record revealed that Simmons had failed to file a transcript of the trial court proceedings. However, an examination of the existing record filed with this court indicates appellant requested the recording of the proceedings on *Page 5 
March 31, 2007. Simmons also indicated on his notices of appeal that he had ordered a complete transcript from the court reporter pursuant to App.R. 9(B). Furthermore, the record reveals a handwritten note on the back of the file folder, dated June 5, 2007, which appears to be initialed by the trial court. This handwritten note states, in pertinent part, "* * * told him [attorney for defendant] not sure can get transcript before that date [June 13, 2007] due to injury of person who burns CD's."
 {¶ 16} On December 21, 2007, this court issued a judgment entry stating: "[o]rdinarily, since appellant's assignments of error depend upon a transcript or other acceptable statement of the proceedings, the judgment of the trial court would be affirmed." However, in the instant case, we noted the importance of "the lack of fault on behalf of the appellant." See In re Holmes, 104 Ohio St.3d 664, 2004-Ohio-7109, at ¶ 14. Therefore, the matter was remanded to the trial court to deliver a CD version of the record to Simmons' counsel, and Simmons had 60 days from December 21, 2007 to prepare and have the clerk transmit the record to this court. This court also instructed the parties and the trial court to follow the procedures outlined in App.R. 9(C) if the CD version of the record no longer existed.
 {¶ 17} On January 2, 2008, the trial court issued an entry stating it was unaware that Simmons' counsel had failed to retrieve a copy of the CD that was produced on August 17, 2007. The trial court indicated that it had spoken with Simmons' counsel and advised him on two separate occasions that the CD was ready. In its judgment entry, the trial court again advised Simmons' counsel that the CD was available for retrieval. A review of the appellate record reveals that Simmons has failed to file a transcript of the trial court proceedings. *Page 6 
 {¶ 18} In Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, the Supreme Court of Ohio held:
 {¶ 19} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Citations omitted.)
 {¶ 20} Without a transcript or other acceptable statement of the proceedings, a review of the trial court's judgment is confined to the pertinent portions of the record before us.
 {¶ 21} Under his first assignment of error, Simmons asserts "[t]he record in this case does not indicates [sic] that the trial court complied with Traf.R. 10(D) and informed the Appellant of the effect of his no contest plea prior to its acceptance of his plea." However, we must presume the trial court complied with Traf.R. 10 since Simmons did not provide this court with a transcript of the proceedings. Accordingly, the first assignment of error is without merit.
 {¶ 22} Under the second assignment of error, Simmons argues "the record also reflects that the trial court did not entertain these motions at all, nor did the trial court review the arguments within, nor did the trial court even read the motions, before summarily deciding to deny them." As evidence of this assertion, Simmons offered the affidavit of his legal counsel, dated August 20, 2007 and attached to his brief. However, *Page 7 
"[affidavits attached to an appellate brief cannot be considered as part of the record on appeal." Middletown v. Allen (1989),63 Ohio App.3d 443, 449. (Citation omitted.)
 {¶ 23} In our judgment entry dated December 21, 2007, this court advised Simmons that if he desired this affidavit to become part of the record, he must request proper leave to supplement the record with an explanation of why this is pertinent to the appeal. A review of the appellate record reveals that Simmons has failed to file any motion requesting a supplement of the record and, therefore, this affidavit cannot be considered by this court on appeal.
 {¶ 24} Additionally, as the record before us demonstrates, the sentence for both convictions was rendered on March 1, 2007. Simmons filed his motion to withdraw his guilty pleas on May 31, 2007. Crim.R. 32.1 states:
 {¶ 25} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This is to "avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." State v. Smith (1977), 49 Ohio St.2d 261, 264. (Citation omitted.) Since Simmons filed his motion to withdraw his guilty pleas after he was sentenced, he bore the burden of demonstrating the existence of a manifest injustice. Crim.R. 32.1.
 {¶ 26} On a post-sentence motion to withdraw a guilty plea, the decision of the trial court will not be disturbed absent an abuse of discretion. Smith, supra, at paragraph two of the syllabus. "The term `abuse of discretion' connotes more than an *Page 8 
error of law or of judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 27} Simmons asserts the trial court went outside the negotiations when imposing his sentence. The mere fact that the "defendant was mistaken concerning the penalty to be imposed does not ipso facto rise to the level of manifest injustice." State v. Cooper (July 21, 2000), 6th Dist. No. E-99-078, 2000 Ohio App. LEXIS 3238, at *6. (Citation omitted.) Further, Simmons does not cite to anything in the record to substantiate his assertion. As a result, Simmons' mistaken belief regarding the sentence does not establish a manifest injustice, and an evidentiary hearing was not warranted prior to dismissing Simmons' motion.
 {¶ 28} Furthermore, Simmons asserts he does not "recall" receiving a full hearing pursuant to Crim.R. 11 or instructions from the trial court regarding the effect of his pleas, but he has failed to submit the transcript of the proceedings to support his contention. Therefore, upon review of the entire record before us, we are unable to conclude the trial court abused its discretion in denying such relief. The second assignment of error is not well-taken.
 {¶ 29} The judgment of the trial court is affirmed.
MARY JANE TRAPP, J., concurs, COLLEEN MARY O'TOOLE, J., concurs in judgment only. *Page 1