[Cite as *State v. Buckwald*, 2010-Ohio-1268.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

 PLAINTIFF-APPELLEE,      CASE NO. 14-09-36

 v.

RALPH D. BUCKWALD,       O P I N I O N

 DEFENDANT-APPELLANT.

Appeal from Marysville Municipal Court
Trial Court No. TRC 0205953 A&B

**Judgment Affirmed**

**Date of Decision: March 29, 2010**

APPEARANCES:

 *Ralph D. Buckwald,* **Appellant**

 *Tim M. Aslaner* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Ralph D. Buckwald, pro se, (hereinafter "Buckwald"), appeals the judgment of the Marysville Municipal Court denying his Crim.R. 32.1 motion to withdraw his guilty plea. For the reasons that follow, we affirm.

{¶2} On July 12, 2002, Buckwald was charged with operating a vehicle while under the influence of alcohol (OVI) in violation of R.C. 4511.19(A)(1), assigned case no. 02 TR 5953 A, and failure to drive within marked lanes in violation of Plain City, Ohio local ordinance §331.08(A), assigned case no. 02 TR 5953 B.[1] (Doc. No. 2). At the time of the alleged violations, Buckwald's silver 1987 Lincoln four-door car was towed and impounded in Plain City. (Id.); (Doc. No. 4). After his arrest for OVI, Buckwald refused a breath test, and his license and car were seized. (Doc. No. 4). It was subsequently discovered that Buckwald had six (6) prior OVI convictions, and this charge was his second OVI within six years. (Doc. Nos. 5, 10).

{¶3} On July 15, 2002, an arraignment was held wherein Buckwald pled guilty to the OVI charge. (Doc. No. 6). The trial court sentenced Buckwald to one hundred eighty (180) days in jail with one hundred and fifty (150) days suspended

---

[1] Buckwald is not appealing his conviction with respect to the marked lanes violation, case no. 02 TR 5953 B. From the record, it appears that Buckwald pled guilty to that charge and was fined $25.00 and ordered to pay court costs of $26.00. (See case no. 02 TR 5953 B, Doc. Nos. 1-3).

upon condition that he: (1) be placed on probation for five (5) years and not violate any federal, state, or local laws or conditions of probation; (2) pay $46.00 in court costs and $1,000.00 in fines; and (3) complete an alcohol/drug evaluation and abide by counseling recommendations for five (5) years. (Id.). The trial court further ordered that Buckwald's driver's license be suspended for five (5) years. (Id.). The trial court, however, made no order as to Buckwald's vehicle. (Id.).

**{¶4}** On July 18, 2002, Buckwald filed a motion to be given a date to report for his thirty (30) day jail sentence and requesting work release. (Doc. No. 9). On July 22, 2002, the trial court sua sponte amended Buckwald's sentence to require that he serve ten (10) consecutive 24-hour days in jail commencing July 15, 2002 since this was his second OVI violation within six (6) years. (Doc. No. 10). However, the trial court allowed Buckwald to serve the remaining twenty (20) days commencing on November 15, 2002, all without work release. (Id.).

**{¶5}** On July 26, 2002, Buckwald filed a petition for release of his vehicle, which the trial court set for a hearing on August 9, 2002. (Doc. Nos. 11, 13). The trial court overruled the petition at the hearing. (Doc. No. 13).

**{¶6}** On August 23, 2002, Buckwald filed a request for driving privileges for work, which the trial court denied finding that the instant case was his seventh (7th) OVI conviction. (Doc. Nos. 16-17).

{¶7} On November 21, 2002, Buckwald filed a motion to modify his sentence asking to be released early from his remaining twenty-day jail term, but no action was taken by the trial court on this motion. (Doc. No. 18).

{¶8} On May 1, 2003, a notice of probation violation was filed against Buckwald for failing to timely pay his court costs and fines and completing his drug/alcohol evaluation as ordered. (Doc. No. 20). Buckwald requested a continuance of the probation violation hearing, and thereafter paid his fines and costs in full on May 12, 2003. (Doc. Nos. 21-22). Buckwald then failed to appear for the probation violation hearing scheduled on August 18, 2003. (Doc. No. 24).

{¶9} On March 11, 2005, Buckwald filed a motion apparently seeking a modification of his sentence to terminate his license suspension, which motion was denied. (Doc. Nos. 26-28, 31).

{¶10} On September 17, 2009, Buckwald filed a "Petition for Order of Car Release" with the trial court. (Doc. No. 35). Buckwald argued that he should be permitted to withdraw his guilty plea pursuant to Crim.R. 32.1 because his sentence was void as his vehicle was taken from him without due process of law. (Id.). Denying the motion, the trial court noted that Buckwald's motion amounted to mere allegations and did not provide any factual support for the assertions made therein. (Doc. No. 36).

{¶11} On September 21, 2009, Buckwald filed an addendum to his petition for order of car release citing a violation of Traffic Rule 10 "et al" as an additional basis of the motion. (Doc. No. 37).

{¶12} On October 1, 2009, the trial court overruled the petition again, noting that Buckwald's addendum added nothing substantively to his previously filed petition. (Doc. No. 38).

{¶13} On October 5, 2009, Buckwald properly filed a notice of appeal with the Marysville Municipal Court Clerk. (Doc. Nos. 39, 41). App.R. 3(A), (E).

{¶14} In response to Buckwald's transcript request, the trial court filed a Finding and Order, which provides, in pertinent part, "[a]t the time of the 07/15/2002 hearing in these cases ths [sic] court used a tape recorder to record hearings.  Further this court recycled – reused – the audio tapes. * * * The audio tapes of the * * * hearing were recycled and thus not available." (Doc. No. 44).

{¶15} Buckwald now appeals raising two assignments of error for our review.

ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.**

**THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO A PERIOD OF INCARCERATION WHEN THE RECORD**

**FAILS TO DEMONSTRATE THAT THE DEFENDANT-APPELLANT EITHER APPEARED WITH COUNSEL OR EXECUTED A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL.**

**MR. BUCKWALD WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

**THE TRIAL COURT ABUSED ITS DISCRETION [SIC] AND PREJUDICED THE APPELLANT BY ALLOWING THE UNCOUSELED PLEA AT INITIAL COURT APPEARANCE.**

**{¶16}** As an initial matter, we note that Buckwald appears to assert multiple errors under one assignment of error, but these arguments are interrelated. We construe Buckwald's arguments as his reasons that the trial court erred in denying his Crim.R. 32.1 motion to withdraw his guilty plea. Essentially, Buckwald argues that his guilty plea was invalid because he did not have counsel and did not knowingly, intelligently, and voluntarily waive his right to counsel at the hearing. We disagree.

**{¶17}** Appellate review of the trial court's denial of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Nathan* (1995), 99 Ohio App.3d 722, 725, 651 N.E.2d 1044, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted

unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶18} Crim.R. 32.1 governs withdrawal of guilty and no contest pleas and provides:

> **A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.**

The party moving to withdraw his plea of guilty post-sentence bears the burden of establishing a manifest injustice. *Smith*, 49 Ohio St.2d 261, at paragraph one of the syllabus. A manifest injustice is an exceptional defect in the plea proceedings or a "'clear or openly unjust act.'" *State v. Vogelsong*, 3d Dist. No. 5-06-60, 2007-Ohio-4935, ¶12, *State v. Walling*, 3d Dist. No. 17-04-12, 2005-Ohio-428, ¶6, quoting *State ex rel. Schneider v. Kreiner* (1998), 83 Ohio St.3d 203, 208, 699 N.E.2d 83. Accordingly, a post-sentence motion to withdraw a guilty plea is only granted in "extraordinary cases." *Smith*, 49 Ohio St.2d at 264.

{¶19} Buckwald has failed to meet his burden of demonstrating a manifest injustice such that we could find that the trial court abused its discretion by denying his motion to withdraw his guilty plea. Buckwald has failed to provide us with any record of the proceedings to demonstrate that he did not knowingly,

intelligently, and voluntarily waive his right to counsel. App.R. 9(C) provides an alternative if a transcript is not available as was the case here since the audio recording of the July 2002 hearing has since been destroyed. (Finding and Order, Doc. No. 44). Since Buckwald had failed to provide an App.R. 9(C) statement, we must presume regularity—namely that the trial court properly ensured that Buckwald knowingly, intelligently, and voluntarily waived his right to counsel before entering his guilty plea. See, e.g., *State v. Pringle*, 3d Dist. No. 2-03-12, 2003-Ohio-4235, ¶¶9-10, citations omitted. See, also, *State v. Simmons*, 11th Dist. Nos. 2007-P-0046, 2007-P-0047, 2008-Ohio-1331. Aside from that, the record affirmatively indicates that the trial court advised Buckwald of his rights prior to accepting his guilty plea. (July 15, 2002 JE, Doc. No. 6). Furthermore, we note that Buckwald's motion to withdraw was filed more than seven (7) years after his guilty plea. "An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor * * * militating against the granting of the motion." *Smith*, 49 Ohio St.2d 261, at paragraph three of the syllabus.

{¶20} For all these reasons, Buckwald's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. II

**"THE TRIAL COURT ERRED BY ORDERING IMMOBILIZATION AND/OR FORFEITURE OF**

**DEFENDANT/APPELLANT'S VEHICLE SINCE THERE WAS A FAILURE TO FOLLOW THE STATUTORY PROCEDURES NECESSARY FOR FORFEITURE AND DEFENDANT/APPELLANT REQUESTED A "PITITION [SIC] FOR CAR RELEASE DAYS AFTER JUDGMENT AND SENTENCE. AT THIS DENIED HEARING OHIO REVISED CODIFIED [SIC] SHOULD HAVE RULED: AND THE TRIAL COURT SHOULD HAVE ISSUED AN ORDER OF IMMOBILIZATION FOR XXX DAY OR FORFEITURE PROCEEDINGS CONSIDTANT [SIC] WITH OHIO REVISED CODIFIED [SIC] 4503.233 ET AL AND 4503.234 ET AL. RESPECTFULLY."**

**"THE TRIAL COURT ERRED IN THE MANNER OF DISPOSITION OF DEFENDANT-APPELLANT'S VEHICLE SINCE IT FAILED TO FOLLOW THE STATUTORY PROCEDURES NECESSARY AS TO DISPOSITION."**

**{¶21}** In his second assignment of error, Buckwald appears to argue that the trial court erred by failing to grant his motion to withdraw because it failed to follow the statutory procedures outlined in R.C. 4503.233 and 4503.234 for immobilizing his vehicle and/or ordering forfeiture of his vehicle.

**{¶22}** As an initial matter, we again note that Buckwald has failed to provide this court with an App.R. 9(C) statement in lieu of a transcript; and therefore, we must presume regularity. See *Pringle*, 2003-Ohio-4235, at ¶¶9-10. Additionally, the record belies Buckwald's claim that the trial court ordered immobilization or forfeiture of his vehicle. (July 15, 2002 JE, Doc. No. 6). As such, Buckwald has failed to meet his burden of demonstrating manifest injustice,

and the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea.

**{¶23}** Buckwald's second assignment of error is, therefore, overruled.

**{¶24}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jlr**