[Cite as *Cleveland v. Moore*, 2013-Ohio-2899.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 98534

---

## CITY OF CLEVELAND

### PLAINTIFF-APPELLEE

vs.

## PATRICK MOORE

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2011 CRB 020626

**BEFORE:** Keough, J., Stewart, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEY FOR APPELLANT**

Mary Elaine Hall
645 Leader Building
526 Superior Avenue, East
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Director of Law
By: Verlinda Powell
Assistant City Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Patrick Moore, appeals from the judgment of the trial court finding him guilty of menacing by stalking and aggravated trespass. For the reasons that follow, we affirm.

## I. Factual and Procedural Background

{¶2} Moore was charged in Cleveland Municipal Court with telephone harassment, aggravated trespass, and menacing by stalking. He pleaded not guilty and the matter proceeded to a bench trial.

{¶3} Moore's then-estranged (now ex) wife, Dora Moore, testified at trial that Moore moved out of the marital home in May 2011. She said that despite a protection order, in June 2011, Moore called her repeatedly over several days and left harassing messages on her answering machine. The prosecutor played two audiotapes of the messages at trial.

{¶4} Dora testified that Moore also stalked her several times in early June. She testified further that on June 11, Moore came to her house at approximately 6 a.m. and asked for something from the house. When she told him to get a police escort, he threatened to commit suicide. Moore left after about ten minutes, but later that day called Dora several times and left harassing messages.

{¶5} Dora said that Moore came to her house again the next day at approximately 7 a.m. and stood in the backyard, demanding his belt. Dora threw the belt out of the window, but then Moore demanded his shoes. Dora said her son took a box of shoes

outside to Moore, who then began throwing them at the house. Moore left but then called Dora several times later that day demanding furniture and other items from the home.

**{¶6}** Dora testified that several days later, Moore drove by her as she was walking down the street, parked his car, and then walked toward her while holding out a letter for her. She avoided him by walking on the other side of the street; later that day, Moore called Dora many times threatening suicide.

**{¶7}** Malden Sarin, Moore's stepson, testified that when Moore came to the house on June 11 and 12, 2011, he and the neighbor videotaped Moore "to show that he was showing up at our home without the police." The prosecutor played the videos at trial.

**{¶8}** The trial court subsequently ruled that the audiotapes were inadmissible but admitted the videotapes (two DVDs, exhibit Nos. 3 and 4). The trial court granted Moore's Crim.R. 29(A) motion for acquittal in part, dismissing the telephone harassment charges. The court then found Moore guilty of menacing by stalking and aggravated trespass, and sentenced him on both counts to 151 days incarceration, to be served concurrently, a $1,000 fine (suspended), and three years active probation. The court also ordered that he have no contact with Dora Moore.

**{¶9}** This court subsequently granted Moore's motion for leave to file a delayed appeal and contemporaneously denied the city's motion to dismiss Moore's untimely appeal as moot. This court also granted Moore's subsequent request for an extension of

time to transmit the record because the court reporter needed more time to locate trial exhibit Nos. 3 and 4 (the DVDs). In August 2012, the municipal court filed the record in this matter but the DVDs were not included with the record. In September 2012, Moore filed an App.R. 9(E) motion asking this court to order the municipal court to supplement the record to include the missing audiotapes and DVDs.[1] This court granted Moore's motion in part and remanded the matter to the trial court to locate the items missing from the record.

{¶10} On October 22, 2012, the municipal court held a hearing regarding the missing items. At the hearing, the city prosecutor gave the audiotapes to the court reporter for inclusion in the record, even though they had not been admitted as evidence at trial. The prosecutor said that the city did not have the DVDs, however, because they had been entered into evidence at trial.

{¶11} The municipal court chief court reporter explained that court reporters watch video proceedings of the trials from their offices and then later transcribe the proceedings from the video. She stated that a court reporter had watched the video of the trial proceedings in this matter and transcribed the record from the video but had been unable to locate the DVDs. The trial court encouraged the court reporter to continue looking for the DVDs.

---

[1] App.R. 9(E), regarding correction or modification of the record, provides that "[i]f anything material to either party is omitted from the record by error or accident * * * the court of appeals * * * may direct that omission * * * be corrected, and if necessary that a supplemental record be certified and transmitted."

{¶12} On November 2, 2012, the municipal court held another hearing regarding the missing DVDs. The chief court reporter testified that when she and the deputy chief bailiff watched the "security video" of the trial after the October 22nd hearing, they saw where the DVDs had been placed in the courtroom during the trial. They then found the DVDs in the courtroom and took them to the city prosecutor, who viewed the DVDs, which were marked as exhibit Nos. 3 and 4, and confirmed they were the videos that had been used at trial.

{¶13} The municipal court subsequently transmitted transcripts of the October 22nd and November 2nd hearings, as well as the audiotapes and DVDs, to this court.

## II. Analysis

{¶14} In his single assignment of error, Moore argues that the municipal court violated his procedural due process rights because it did not order the court reporter to transmit or transcribe the "security video" of the trial proceedings showing the introduction of the DVDs. Moore contends that because the record is not complete, his convictions should be overturned and the city should be barred from retrying him under the doctrine of res judicata.

{¶15} Initially, we reject the city's argument that Moore's appeal should be dismissed as untimely filed. The city asserts that Moore filed a notice of appeal on May 10, 2012, and a motion for leave to file a delayed appeal on June 19, 2012. The city contends that these filings violated App.R. 5(A)(2), which requires that an appellant

seeking a delayed appeal file a motion for leave with the court of appeals and, concurrently with the motion, a notice of appeal with the trial court and appeals court.

**{¶16}** The city's argument is without merit. The city raises the same arguments in its merit brief that it raised in its motion to dismiss Moore's appeal for untimely filing of the notice of appeal — arguments that this court rejected when it granted Moore's motion to file a delayed appeal and overruled the city's motion.

**{¶17}** We also find no merit to Moore's assertion that his procedural due process rights were violated by the municipal court's failure to include the "security video" of the proceedings in the supplemental record. The "security video" that Moore refers to is in fact the video of the trial, which the court reporter transcribed and made part of the appellate record.[2] The municipal court subsequently provided the missing audiotapes and DVDs, as well as transcripts of the hearings it had regarding the missing exhibits, as part of the record on appeal. Accordingly, the record is complete and Moore could have challenged any alleged errors in the trial court proceedings from this record.

**{¶18}** Moore's citation to *In re Holmes*, 104 Ohio St.3d 664, 2004-Ohio-7109, 821 N.E.2d 568, adds nothing to his due process argument. In *In re Holmes*, the appellate court affirmed the trial court's judgment on the basis that it did not have a complete and adequate record. The Ohio Supreme Court reversed the appellate court judgment,

---

[2]The transcript of the November 2, 2012 hearing demonstrates that when the court reporter referred to the videotape that she and the bailiff watched as the "security video," the trial judge questioned, "What was the video?" The court reporter responded, "The video was of the hearing of the trial."

however, because it found that the appellant had requested a complete transcript of the lower court proceedings for inclusion in the record on appeal, but the court reporter had failed to include the trial court exhibits with the transcripts. *Id.* at ¶ 8, 21. The Supreme Court held that it was not an appellant's duty to supervise the actions of a trial court clerk to ensure the proper transmission of the record and, further, that App.R. 9(E) can be used to order the correction of an incomplete record. *Id.* at ¶ 18-19.

{¶19} Here, unlike in *Holmes*, this court remanded the matter and ordered the municipal court to complete the record. The municipal court held two hearings and did, in fact, locate the missing items. Transcripts of those hearings, along with the missing items, were then transmitted to this court, making the record complete.

{¶20} Moore's citation to *State v. Bethune*, 9th Dist. No. 02CA0091-M, 2003-Ohio-2338, is similarly unavailing. In *Bethune*, the state appealed the trial court's grant of a defendant's motion to suppress. The record on appeal consisted *solely* of the certified videotape of the motion to suppress hearing. The appellate court noted that App.R. 9(A), regarding the record on appeal, states that:

> A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, *counsel* shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs. (Emphasis added.)

The appellate court found that the state did not provide the court with a typed or printed transcript of the relevant portions of the videotape proceeding, in accordance with the rule, and hence, that it did not have an adequate record on appeal.

**{¶21}** Moore argues that in light of *Bethune*, the city should have appended the actual videotape of the lower court proceedings to the transcripts of the proceedings taken from those videotapes. But the rule does not require that *both* the videotape and transcripts be transmitted; rather, it states that when the clerk submits *only* a videotape as the record of the proceedings, *counsel* must transcribe those portions of the videotape that are necessary for the appellate court's determination of the issues and attach those transcribed portions to their briefs. In this case, the municipal court clerk filed a transcript of the lower court's videotape proceedings. Hence, there was no requirement that the clerk or the city also transmit the actual videotape.

**{¶22}** We also find no merit to Moore's argument that the actual "security video" should have been included in the record to prove that the DVDs were not altered during the time they were missing. As noted earlier, the "security video" is the video of the trial, so it would not indicate anything about what happened to the DVDs *after* the trial. Furthermore, Moore makes no allegation that the DVDs were in fact altered. The chief court reporter testified that she found the DVDs in the courtroom exactly where they had been placed during the trial, and the trial court transmitted the DVDs as part of the supplemental record in compliance with its duties under App.R. 9(E). There is no

reason to speculate that the DVDs were altered in any manner and hence no reason to require the trial court to submit the actual video as part of the record.

{¶23} Finally, we disagree with Moore's assertion that the "constant and continuing delays" by the municipal court in providing a complete appellate record denied him his due process right to an appeal. The record reflects that the municipal court took the matter of the incomplete record very seriously and did not unnecessarily delay when this court remanded the matter with instructions to locate the missing items. Furthermore, this court granted Moore's motion for leave to file a delayed appeal, his motion for an extension of time to file the record, and his App.R. 9(E) motion asking that we direct the municipal court to find the missing items. Under such circumstances, we find no denial of due process. The record was complete upon the submission of the DVDs and the transcripts of the hearings on remand, and Moore could have challenged any alleged trial court errors from this record.

{¶24} Because Moore has failed to demonstrate that the lack of the "security video" denied him due process, we overrule the assignment of error and affirm the trial court's judgment.

{¶25} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been

affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, A.J., and
SEAN C. GALLAGHER, J., CONCUR