[Cite as *Makse v. Summit Cty. Executive*, 2021-Ohio-2026.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| DORA MAKSE | C.A. No. 29747 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUMMIT COUNTY EXECUTIVE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CV-2019-09-3512 |

DECISION AND JOURNAL ENTRY

Dated: June 16, 2021

TEODOSIO, Presiding Judge.

{¶1} Appellant, the Summit County Executive ("the Executive"), appeals from the judgment of the Summit County Court of Common Pleas, reversing in part and modifying the decision of the Summit County Human Resource Commission ("the Commission"). This Court affirms.

I.

{¶2} Appellee, Dora Makse, worked as a Social Programs Supervisor for the Summit County Department of Job and Family Services ("JFS"). She was responsible for supervising between eight and ten employees and worked alongside two co-supervisors who likewise supervised eight to ten employees. In February 2019, two separate incidents involving Ms. Makse came to the attention of her superiors. During the first incident, Ms. Makse ignored an employee who came to her office for assistance and, when the employee walked away, Ms. Makse made an unprofessional comment about her in the presence of another employee and a co-supervisor.

During the second incident, Ms. Makse slammed her door while employees were congregated in the hallway outside her office.

{¶3} Ms. Makse was notified that a pre-disciplinary conference would be held based on charges that she had violated the Executive's Policies and Procedures. The notice she received charged her with willfully or deliberately neglecting her assigned duties, including her supervisory duties, and engaging in unprofessional and inappropriate behavior. The notice summarized the two foregoing incidents, but also referenced "a trend of unprofessional behavior" that had been documented in prior performance reviews and past disciplinary actions. The notice advised Ms. Makse that she was facing termination.

{¶4} A hearing officer from the Executive's Department of Human Resources conducted Ms. Makse's pre-disciplinary conference. At the conference, the Executive introduced evidence about the two specific incidents referenced in Ms. Makse's notice as well as evidence about her past discipline, performance reviews, and trainings. Upon review of the evidence, the hearing officer determined that just cause for discipline existed on all charges. JFS then terminated Ms. Makse.

{¶5} Ms. Makse appealed her termination to the Commission. An officer for the Commission conducted a hearing on her appeal and issued a report and recommendation. Citing the Executive's Policy and Procedure Manual, the hearing officer refused to consider any disciplinary history that predated February 2017. She confined her review to evidence of conduct and discipline that occurred after that date. Further, she refused to consider disciplinary action that had been taken against Ms. Makse in the spring of 2017, as it had been overturned by the Commission. The hearing officer determined that the Executive had proven, by a preponderance

of the evidence, that Ms. Makse had violated its policies and procedures as charged. She concluded that termination was justified and made a recommendation to that effect.

{¶6} Ms. Makse filed written objections to the hearing officer's report and recommendation. The Executive filed a response. Members of the Commission held a hearing on the objections and heard arguments from Ms. Makse and the Executive. The Commission then issued an order affirming the hearing officer's findings and conclusions but modifying her recommendation of termination. The Commission determined that Ms. Makse would be suspended for six months without pay, demoted to a non-supervisory role, and required to take part in cultural sensitivity, race neutral, and implicit bias training as deemed appropriate by the Executive's Director of Human Resources.

{¶7} Ms. Makse appealed the Commission's order to the Summit County Court of Common Pleas. She filed a written brief, following which the Executive filed a responsive brief, and Ms. Makse filed a reply. Upon review of the record and the written briefs, the trial court issued its decision. The trial court determined that the Commission's order was not supported by a preponderance of substantial, reliable, and probative evidence, as the Executive had not proven that termination or suspension without pay was warranted. The court modified the Commission's decision by removing Ms. Makse's six-month suspension without pay and demotion to a non-supervisory role. The court left intact the Commission's order for additional training.

{¶8} The Executive now appeals from the judgment of the court of common pleas and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT FAILED TO MAKE CLEARLY DELINEATED

FINDINGS OF FACTS AND CONCLUSIONS OF LAW, ITS DECISION IS NOT SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE, AND IT SUBSTITUTED ITS OWN JUDGMENT FOR THAT OF THE SUMMIT COUNTY HUMAN RESOURCES COMMISSION.

{¶9} In its sole assignment of error, the Executive argues that the trial court erred when it reversed in part and modified the decision of the Commission. Specifically, the Executive argues that the trial court (1) failed to clearly delineate its factual findings and conclusions of law, (2) reached a decision that was not supported by a preponderance of reliable, probative, and substantial evidence, and (3) substituted its own judgment for that of the Commission. For the following reasons, we reject the Executive's arguments.

{¶10} Under R.C. 2506.04, a trial court considering an administrative appeal reviews the order at issue to determine whether it is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The trial court may not simply substitute its judgment for that of the administrative agency, but it may weigh the evidence in determining whether the record supports the agency's decision. *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 13. Conversely, the scope of an appellate court's review of the trial court's decision is "narrower and more deferential." *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 25. It is "designed to strongly favor affirmance" and focuses on questions of law. *Id.* at ¶ 30.

> [T]he court of appeals may not weigh the evidence. Apart from deciding purely legal issues, the court of appeals can determine whether the court of common pleas abused its discretion, which in this context means reviewing whether the lower court abused its discretion in deciding that an administrative order was or was not supported by reliable, probative, and substantial evidence.

(Internal citations omitted.)  *Shelly Materials, Inc. v. City of Streetsboro Planning and Zoning Comm.*, 158 Ohio St.3d 476, 2019-Ohio-4499, ¶ 17.

{¶11}  The trial court found that Ms. Makse supervised nine individuals and held that position for about one year before this disciplinary action commenced.  The court found that multiple complaints had been lodged against her.  The court set forth a non-exhaustive list of those complaints, including that Ms. Makse had reviewed an employee's work prior to its completion, had made inappropriate comments to that same employee, had deliberately ignored a different employee, had made a sarcastic remark about that same employee, had directed inappropriate comments toward a superior, had avoided Black staff members, and had failed to timely complete employee evaluations.  The trial court further found that prior trainings Ms. Makse had received "had not achieved the desired results."  The court acknowledged that willful or deliberate neglect in the performance of assigned duties could, in certain instances, constitute a "major offense" that would justify a termination or suspension under the Executive's Policy and Procedure Manual.  Yet, the court found that Ms. Makse's actions did not rise to that level.  Because "her failures did not rise to the level that warranted termination or a six month suspension without pay[,]" the trial court determined that the Commission's decision was not supported by a preponderance of substantial, reliable, and probative evidence.  The court removed Ms. Makse's suspension without pay and demotion and only affirmed the order for additional training.

{¶12}  The Executive first argues that the trial court committed an error of law when it failed to issue an order "with clear findings of fact and conclusions of law * * *."  Yet, the trial court detailed the conduct that led JFS to take disciplinary action against Ms. Makse.  It also specifically found that her conduct did not constitute a "major offense" warranting termination or suspension under the Executive's own Policy and Procedure Manual.  The Executive has failed to

set forth any authority that would have required the trial court to issue more detailed findings. *See* App.R. 16(A)(7). This Court will not construct an analysis on the Executive's behalf. *See id.*; *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Absent any authority in support of the Executive's argument, this Court will not reverse the trial court's decision on the basis that it neglected to issue more detailed findings or conclusions.

{¶13} The Executive's remaining arguments are interrelated. The Executive argues that the trial court abused its discretion by issuing a decision that is not supported by a preponderance of reliable, probative, and substantial evidence. The Executive maintains that the trial court improperly substituted its own judgment for that of the Commission. Citing evidence and testimony introduced at the hearing before the Commission's hearing officer, the Executive argues that it proved, by a preponderance of the evidence, that Ms. Makse engaged in egregious misconduct such that her suspension and demotion was warranted. Thus, the Executive maintains that the trial court erred when it rejected the Commission's decision.

{¶14} Unfortunately, this Court is unable to address the Executive's remaining arguments on their merits. That is because the record is incomplete. It does not contain the full report of the hearing officer who heard Ms. Makse's appeal to the Commission. The third page of her four-page report is missing. Though our primary concern on appeal is the decision of the trial court, our standard of review calls us to decide whether the trial court "abused its discretion in deciding that [the Commission's] order was or was not supported by reliable, probative, and substantial evidence." *Shelly Materials, Inc.*, 158 Ohio St.3d 476, 2019-Ohio-4499, ¶ 17. The findings and conclusions of the Commission are necessarily relevant to that determination. Without a complete record of the proceedings conducted by the Commission, this Court cannot conduct a meaningful review.

{¶15} It is unclear to this Court whether the trial court had in its possession a complete copy of the hearing officer's report. We would note, however, that Ms. Makse included several footnotes in her brief before the court of common pleas, wherein she cited to or quoted from the missing page of the report and specifically noted that it was missing from the record as filed. Neither she, nor the Executive acted to remedy that deficiency, and the trial court did not address it. This Court will not engage in speculation regarding the trial court's review of the report, particularly when the Executive has not addressed that issue on appeal. Because the record is incomplete and the parties were aware of that fact while this matter was pending with the court of common pleas, we have no choice but to presume regularity in the proceedings below and affirm the trial court's judgment on that basis. *See Brimer v. Kichner*, 9th Dist. Lorain No. 15CA010890, 2017-Ohio-7012, ¶ 7-8. *Compare In re Holmes*, 104 Ohio St.3d 664, 2004-Ohio-7109 (reversing appellate court's decision to presume regularity where the clerk failed to file exhibits with the appellate court and neither party discovered the deficiency prior to the issuance of the court's decision). For the foregoing reasons, the Executive's sole assignment of error is overruled.

III.

{¶16} The Executive's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and MARRETT W. HANNA, Assistant Prosecuting Attorney, for Appellant.

NANCY GRIM, Atorney at Law, for Appellee.

WILLIAM T. WHITAKER, Attorney at Law, for Appellee.